<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4403**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FERMIN VALLES MORALES,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (4:06-cr-00082-F)

Submitted:  January 29, 2008        Decided:  February 14, 2008

Before KING, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Banumathi Rangarajan, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fermin V. Morales was charged in a one-count indictment with being in the United States following a deportation, in violation of 8 U.S.C. § 1326 (2000). Morales pled guilty and was sentenced to thirty-seven months' imprisonment, in conformity with his advisory Guidelines range. On appeal, Morales argues his sentence was procedurally unreasonable. We affirm the judgment of the district court.

Following United States v. Booker, 543 U.S. 220 (2005), a district court must engage in a multi-step process at sentencing. The district court must calculate the appropriate advisory Guidelines range by making any necessary factual findings. United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006). The court should then consider the resulting advisory Guidelines range in conjunction with the factors set out in 18 U.S.C. § 3553(a) (West 2000 and Supp. 2007), afford the parties an opportunity to argue for the sentence they deem appropriate, and determine the sentence. Gall v. United States, 128 S. Ct. 586, 596-97 (2007). Considering the factors in § 3553(a) does not require the sentencing court to "robotically tick through" every subsection of § 3553(a). United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006). The sentencing court may not presume that the Guidelines range is reasonable, but if it decides to impose a sentence outside the Guidelines range it "must consider the extent of the deviation and

ensure that the justification is sufficiently compelling to support the degree of the variance." Id. at 596.

The appellate court reviews a sentence for reasonableness, focusing on whether the district court abused its discretion. United States v. Pauley, ___ F.3d ___, 2007 WL 4555520 (4th Cir. Dec. 28, 2007). This involves two steps: first, examining the sentence for "significant procedural errors," and second, evaluating the substance of the sentence. Id. at *5. Significant procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence - including an explanation for any deviation from the Guidelines range." Id. (internal quotations omitted). "Substantive reasonableness review entails taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. at *5. While the appellate court may presume a sentence within the Guidelines range to be reasonable, it may not presume a sentence outside the range to be unreasonable. Moreover, it must give "due deference" to the district court's decision that the § 3553(a) factors justify the extent of any variance sentence.

Morales argues that his sentence was procedurally unreasonable because the district court imposed his sentence based

on an erroneous belief that he had illegally reentered the United States on more than one occasion. As Morales failed to object to the district court's alleged error or otherwise raise his claim in the district court, his claim is reviewed for plain error. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 732 (1993). Plain error review requires the defendant to establish that: (1) there was error; (2) the error was "plain;" and (3) the error affected the defendant's substantial rights. Olano, 507 U.S. at 732. Even if the defendant makes this required showing, "Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the court of appeals, and the court should not exercise that discretion unless the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (quoting United States v. Young, 470 U.S. 1, 15 (1985) (internal quotations omitted)).

We have reviewed the disputed portion of the sentencing hearing transcript and determine that Morales fails to establish either that error occurred or that such error was "plain." When read in context, the transcript does not plainly establish that the district court sentenced Morales under the mistaken belief that he had reentered the United States multiple times following his deportation. Also, Morales' sentence was otherwise procedurally reasonable. Prior to sentencing Morales, the district court heard from Morales and defense counsel and properly calculated Morales'

advisory Guidelines range.  Also, prior to imposing sentence, the court considered the advisory sentencing guidelines, other relevant factors set forth in the advisory sentencing guidelines, and the factors in 18 U.S.C. § 3553(a).

Morales' sentence was also substantively reasonable. After illegally entering the United States, Morales was arrested in possession of twenty pounds of marijuana. Morales was subsequently deported.  However, he returned and, within five years of again illegally entering the United States, was charged with trafficking in cocaine.  Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED